UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD LOGAN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    11-2381** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (4)** |

## ORDER

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner argues that the United States Magistrate Judge employed the wrong standard to his claim that his trial should have been transferred to another venue due to pre-trial publicity. Petitioner argues that it was improper for the United States Magistrate Judge to use the framework outlined by the Supreme Court of the United States in Skilling v. United States, 130 S.Ct. 2896 (2010), because he was tried in 2006, prior to that ruling.

In Skilling, 130 S.Ct. at 2914-15, the Supreme Court of the United States reviewed prior precedent regarding the change of venue in criminal matters due to pre-trial publicity, and found that there is a presumption of prejudice in "only the extreme case" where the conviction was "obtained in a trial atmosphere that was utterly corrupted by press coverage." The Court also stated that when there is no presumption of prejudice, the defendant may prove that "actual prejudice infected [the] jury." Id. at 2917.  Prior to the Skilling ruling, the United States Court of Appeals for the Fifth Circuit applied an actual prejudice standard to pre-trial publicity claims brought in habeas corpus

petitions. "As a general rule, a state defendant who seeks habeas relief as a result of pretrial publicity must demonstrate an actual, identifiable prejudice on the part of members of the jury that is attributable to that publicity." Moore v. Johnson, 225 F.3d 495, 504 (5th Cir. 2000) (quoting Willie v. Maggio, 737 F.2d 1372, 1386 (5th Cir. 1984)).  The United States Magistrate Judge examined whether petitioner demonstrated actual prejudice, and found that he did not.  In his objections to the United States Magistrate Judge's Report and Recommendation, petitioner did not offer any new arguments to demonstrate actual prejudice. The court has carefully reviewed the transcript of the jury voir dire and finds no evidence of actual prejudice.  Therefore, this objection is overruled.[1]

Petitioner also argues that the United States Magistrate Judge improperly relied upon State v. Bertrand, 6 S.3d 738 (La. 2009), in finding that his trial counsel was not ineffective for failing to challenge the constitutionality of Louisiana Code of Criminal Procedure article 782.[2]  In Bertrand, 6 S.3d at 742, the Supreme Court of Louisiana found that Article 782 is constitutional, and noted that it had "previously discussed and affirmed the constitutionality of Article 782 on at least three

---

[1] Petitioner raised general objections to United States Magistrate Judge's findings on his claims regarding violations of the sequestration order, a juror possibly seeing him in shackles in that hallway, the admittance of certain photographs into evidence, insufficiency of the evidence, and ineffective assistance of counsel for failure to call a forensic evidence expert.  These objections do not warrant substantive discussion herein, and are overruled.

[2] Louisiana Code of Criminal Procedure article 782(A) provides:

> Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict.  Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

occasions." (citing State v. Jones, 381 So.2d 416 (La. 1980) (Article 782 did not violate the Sixth and Fourteenth Amendments); State v. Simmons, 414 So.2d 705 (La. 1982) (Article 782 did not violate either the Fifth or Fourteenth Amendments); State v. Edwards, 420 So.2s 663 (La. 1982)). The Supreme Court of Louisiana also noted that the Supreme Court of the United States has held that the Constitution of the United States does not mandate unanimous jury verdicts in state court felony criminal trials. Id. at 741 (citing Apoodaca v. Oregon, 92 S.Ct. 1628 (1972)).  Thus, at the time of petitioner's trial, it was clearly established that Article 782 was constitutional, and petitioner's counsel was not ineffective for failing to raise an issue on which success was unlikely. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).  Therefore, this objection is overruled.

**IT IS ORDERED** that the petition of Donald Logan, Jr. for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, be, and the same is hereby **DENIED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of _____June_____, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

3