UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD LOGAN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    11-2381** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion Pursuant to Rule 60(b)(4)** (Rec. Doc. 30) filed by petitioner, Donald Logan, Jr. is **DENIED**.

BACKGROUND

In 2006, petitioner was convicted of second degree murder in Jefferson Parish after having been found guilty by a non-unanimous jury verdict. He first sought habeas relief in this court in 2011, when he filed a petition under 18 U.S.C. § 2254 raising seven claims for relief, namely: 1) the trial court erred in denying a defense motion for change of venue based on prejudicial pre-trial publicity; 2) the trial court erred in not granting a mistrial when the order of sequestration was violated; 3) the trial court erred in not granting a mistrial after a juror saw the defendant in shackles; 4) the trial court erred in admitting gruesome photographs into evidence; 5) the State failed to produce sufficient evidence to sustain the conviction; 6) Louisiana Code of Criminal Procedure article 782 permitting non-unanimous jury verdicts is unconstitutional under the 4th, 6th, and 14th Amendments and under the Louisiana Constitution, and counsel was ineffective in failing to challenge the non-unanimous jury; and, 7) defense counsel was ineffective in failing to call a defense forensics expert to challenge the prosecution's expert's

crime scene reconstruction. This court adopted the Magistrate Judge's Report and Recommendation denying habeas relief and entered judgment accordingly.

The motion now before the court challenges that 2013 judgment, on the basis that petitioner's conviction by a non-unanimous jury was unlawful, referencing Ramos v. Louisiana, 140 S. Ct. 1390 (2020).

## DISCUSSION

*Jurisdiction*

A district court presented with a Rule 60(b) motion in a habeas proceeding must first determine whether the motion is properly brought under Rule 60(b), or whether it is actually a disguised successive habeas petition, in which case the court lacks jurisdiction to consider it pursuant to 28 U.S.C. § 2244, prohibiting successive habeas petitions. Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). A Rule 60(b) motion is a successive petition if it "advances one or more claims" by "seek[ing] to add a new ground for relief" or "attack[ing] the previous resolution of a claim on the merits." Id. at 528. However, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." Gilkers v. Vannoy, 904 F.3d 336, 344 (5th Cir. 2018) (quoting Gonzalez, 545 U.S. at 532).

In the instant case, petitioner's claim related to the non-unanimous verdict was deemed procedurally barred in the court's prior ruling. While the court alluded to the issue in determining the reasonableness of his counsel's decision not to challenge the non-unanimous verdict under

2

the law applicable at the time, this does not amount to a comment on the merits sufficient to preclude the applicability of Rule 60(b). No merits decision having been made on petitioner's previous procedurally barred claim, the court may consider the motion under Rule 60(b).

***Federal Rule of Civil Procedure 60(b)***

>Rule 60(b) provides several reasons that a court may relieve a party from an order:
>
>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>
>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>>(4) the judgment is void;
>>
>>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>>(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time. Id. at 60(c)(1). In addition, "a movant seeking relief under Rule 60(b)(6) [is required] to show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez, 545 U.S. at 535 (internal quotations omitted). "This very strict interpretation of Rule 60(b) is essential if finality of judgments is to be preserved" and "[s]uch circumstances will rarely occur in the habeas context." Id. (internal quotation and citation omitted).

## ANALYSIS

In this case, petitioner seeks relief under Rule 60(b)(4) arguing that the court's June 27, 2013 judgment is void. In so arguing, he claims that his is a "situation[] where the parties' failure to follow relevant law or procedure in securing the judgment will undermine its ultimate validity," citing Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998), because his conviction was based on an unconstitutional non-unanimous jury. He therefore argues that this court's denial of habeas relief was a nullity, entitling him to relief under Rule 60(b)(4). However, while petitioner invokes Rule 60(b)(4), a review of his motion reflects that it is actually premised on a change in the law, specifically, the holding in Ramos v. Louisiana, 140 S. Ct. 1390 (2020). Thus, it is more properly considered a Rule 60(b)(6) motion.

In Ramos, the United States Supreme Court held that the Sixth Amendment requires a unanimous verdict to convict a defendant of a serious offense. Pretermitting the question whether petitioner's motion is timely under Rule 60, petitioner cannot take advantage of this new rule, because his claim remains barred by 28 U.S.C. § 2244(b)(2)(A). Under that provision, to be entitled to relief, Logan's habeas claim must rely on "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable." (Emphasis added.) In 2021, the Supreme Court held in Edwards v. Vannoy that "Ramos announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review." 141 S. Ct. 1547, 1562 (2021). Accordingly, the United States Supreme Court's decision in Ramos does not apply retroactively to Logan's 2006 conviction, and he is not entitled to relief from the court's prior order denying habeas relief. Therefore,

4

**IT IS HEREBY ORDERED** that the **Motion Pursuant to Rule 60(b)(4)** (Rec. Doc. 30) filed by petitioner, Donald Logan, Jr. is **DENIED**.

New Orleans, Louisiana, this  11th  day of July, 2023.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**